IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Chuck Roaste LLC**, ) | |
| 817 Torrence Blvd., Ste. 154 ) | Case No. |
| Redondo Beach, California 90277, ) | |
| ) | Judge |
| Plaintiff, ) | |
| ) | Magistrate |
| v. ) | |
| ) | |
| **Reverse Gear, LLC**, ) | **COMPLAINT FOR DESIGN** |
| 10250 Constellation Blvd., 19th Floor ) | **PATENT INFRINGEMENT** |
| Los Angeles, California 90067, ) | |
| ) | *(Jury Demand Endorsed Hereon)* |
| and, ) | |
| ) | |
| **Call Me Bleu, LLC**, ) | |
| 200 North Swall Drive, #310 ) | |
| Beverly Hills, California 90211, ) | |
| ) | |
| Defendants. ) | |

NOW COMES the Plaintiff, *Chuck Roaste, LLC*, and for its Complaint against the Defendants alleges as follows:

**THE PARTIES**

1. The Plaintiff, Chuck Roaste, LLC, is a corporation organized under the laws of California, and has its principal place of business in California.

2. The Defendant, Reverse Gear, LLC, is a corporation organized under the laws of Delaware, and has its principal place of business in California.

3. The Defendant, Call Me Bleu, LLC, is a corporation organized under the laws of an unknown state, and has its principal place of business in California.

## JURISDICTION AND VENUE

4. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises under the patent laws of the United States.

5. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

6. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendants transact business in this state. The Defendants supply infringing jeans that are widely sold throughout the state.

7. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendants contract to supply goods in this state. The Defendants supply infringing jeans that are widely sold throughout the state.

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. On June 25, 2002, United States Design Patent No. D459,055, entitled "Reversible Denim Pants" (hereinafter referred to as the '055 patent) duly and legally issued to Toshio Hosogai, as inventor, for the aforementioned reversible jeans. <u>(A true and accurate copy of the '055 patent as issued is attached hereto as "Exhibit 1.")</u>

10. All rights to the '055 patent, including but not limited to, the right to recover for infringement thereunder, has been assigned to the Plaintiff, Chuck Roaste LLC.

11. The Plaintiff has manufactured and marketed products in commerce that read on the '055 patent, but currently, is not manufacturing or marketing products that read on the '055 patent.

12. Upon information and belief, the Defendants, at times relevant, had actual knowledge of the existence of the '045 patent.

13. The Defendants have been and are currently making, using, offering for sale, selling, and/or importing products that infringe the '055 patent. <u>(See the Defendants' product attached hereto as "Exhibit 2.")</u>

14. Infringement has occurred in this judicial district and elsewhere. <u>(See a sale in this judicial district attached as "Exhibit 3.")</u>

15. The aforementioned activities of the Defendants have injured and threaten future injury to the Plaintiff.

16. The Defendants are not authorized in any way to sell their infringing products or to use the patent owned by the Plaintiff.

17. The Plaintiff is entitled to an award of damages against the Defendants for patent infringement, in no event less than a reasonable royalty.

## CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271)*

18. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

19. The Defendants have been and are currently making, using, offering for sale, selling, and/or importing products that infringe the '055 patent.

20. The Defendants have infringed the '055 patent because the Defendants' accused article, namely, the "Bleulab: reversible 8-pocket boot in aqua fortis" jeans, embody the patented design of the '055 patent or any colorable imitation thereof.

21. The Defendants' product is substantially similar to the '055 design patent under the "ordinary observer" test enunciated in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008); Citing *Gorham Co. v. White*, 81 U.S. 511 (1871).

22. The Defendants' conduct is an infringement of the '055 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

23. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

24. The Defendants have been, and are, actively inducing infringement of the '055 patent.

25. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's patent rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

26. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorneys' fees is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court to enter an Order in favor of the Plaintiff and against the Defendants as follows:

A) A preliminary and permanent injunction enjoining the Defendants from making, using, selling, offering for sale, and importing any product that infringes upon the '055 patent;

B) An accounting for damages resulting from Defendants' patent infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendants' conduct;

C) An assessment of interest on the damages so computed;

D) An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

E) Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial, including reasonable royalties;

F) Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

G) Requiring Defendants to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

H) Requiring Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

I) Ordering a product recall of infringing product for destruction;

J) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

K) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

L) Damages according to each cause of action herein; and

M) Prejudgment interest.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

    **/s/ David A. Welling**
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*CHOKEN WELLING LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.   (330) 865 – 4949
Fax   (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*MCCARTHY LEBIT, CRYSTAL & LIFFMAN*
101 West Prospect Ave., Ste. 1800
Cleveland, Ohio 44115
Tel.   (216) 696 – 1422
Fax   (216) 696 – 1210
jdg@mccarthylebit.com

*Counsel for the Plaintiff*